# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:                               Attention:  Mr. John B. Draper

Opinion No. 0-3039
Re: (a) Necessity of hearing
for suspension of drivers
license for conviction in
foreign State of driving
automobile while intoxicated,
failure to stop and render
aid, or negligent homicide;
(b) Construction, meaning
and effect of Sections 9-C,
16, 16-A, and 17, of Texas
Driver's License Law.  (Art.
6687a, Vernon's Annotated
Civil Statutes.)

        This will acknowledge receipt of your letter of
January 13, 1941, requesting the opinion of this department
upon the following matter:

        "For the purpose of the administration
of Article 6687a, Revised Civil Statutes of
Texas, the Texas Driver's License Law, does
the Department have the authority to suspend,
without a hearing, the Texas driver's license
of a resident of this State, who has been given
final conviction in another State on charges
of either driving while intoxicated, failure
to stop and render aid, or negligent homicide?

        "* * *.

        "Also, please define in your opinion the
term 'court of competent jurisdiction' as it
is used in Section 16-A, advising us of the
court this term constitutes."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Garrison, Jr., Page 2

Sections 16, 9-C, 16-A and 17 of the Texas Driver's License Law read as follows:

"Sec. 16. (a) The license of any person shall be automatically suspended or revoked upon final conviction of any of the following offenses:

"(1) Negligent homicide resulting from the operation of a motor vehicle.

"(2) Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs.

"(3) Any offense punishable as a felony under the motor vehicle laws of this State.

"(4) Upon three convictions of violating any of the provisions of Article 801 of the Penal Code of Texas, or Section 10 of Chapter 42 of the General Laws of the Second Called Session of the Forty-first Legislature of Texas, committed within a period of twelve (12) consecutive months.

"(5) A conviction of a driver of a motor vehicle involved in an accident or collision, upon a charge of failure to stop, render aid, and disclose his identity at the scene of said accident or collision.

"(6) Conviction upon two separate charges of aggravated assault upon a person by means of motor vehicle, as provided by law.

"(b) The revocation or suspension above provided shall in the first instance be for a period of six (6) months. In event any license shall be revoked or suspended under the provision of this Section for a second time, said second revocation or suspension shall be for a period of one additional year.

"(c) The revocation or suspension of any license shall be automatically extended upon licensee being convicted of operating a motor vehicle while the license of such person is

suspended or revoked; such extended period
of revocation or suspension to be for a
like period as the original revocation or
suspension.

"* * *.

"Sec. 9-C. The Department is authorized
to suspend or revoke the license of any resident
of this State upon receiving notice of the con-
viction of such person in another State of an
offense therein which, if committed in this
State, would be grounds for suspension or re-
vocation of the license of an operator or
chauffeur.

"* * *.

"Sec. 16-A. (a) Before suspending the license
of any person as in this Section authorized, the
Department shall provide for a hearing and im-
mediately notify the licensee in writing and shall
afford him an opportunity to attend the hearing as
early as practical, such hearing to be set within
not to exceed twenty (20) days, which shall be in
a court of competent jurisdiction, after receipt
of such notices by the licensee. Such hearing
shall be held in the county wherein the licensee
resides unless the Department and the licensee
agree that such hearing may be held in some other
county. Upon such hearing the Department's duly
authorized agent may administer oaths and may
issue subpoenas for the attendance of witnesses
and the production of relevant books and papers
and may require a re-examination of the licensee.
Upon such hearing the Department shall either
rescind its order of suspension or, good cause
appearing therefor, may extend the suspension
of such license or revoke such license.

"(b) Upon such hearing the evidence having
been heard and the records having been examined,
the Department is authorized to suspend or revoke
the license of an operator or chauffeur upon
determining that the licensee:

Honorable Homer Garrison, Jr., Page 4

"1. Has committed an offense for which mandatory revocation of license is required upon conviction;

"2. Has been responsible as a driver for any accident resulting in the death or personal injury of another or serious property damage;

"3. Is an habitually reckless or negligent driver of a motor vehicle;

"4. Is an habitual violator of the traffic law;

"5. Is incompetent to drive a motor vehicle;

"6. Has permitted an unlawful or fraudulent use of such license; or

"7. Has committed an offense in another State, which if committed in this State would be grounds for suspension or revocation.

"* * *.

"Sec. 17. Any person denied a license or whose license has been cancelled, suspended, or revoked by the Department except where such cancellation or revocation is mandatory under the provisions of this Act shall have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in the County Court at Law in the county wherein such person shall reside, or if there be no County Court at Law therein, then in the County Court of said county, and such Court is hereby vested with jurisdiction, and it shall be its duty to set the matter for hearing upon ten (10) days written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Act. Said injured party shall have the right to have his case heard in the County Court, either in term time or vacation of said Court."

Honorable Homer Garrison, Jr., Page 5


It will be noted that Section 16 provides for the mandatory suspension or revocation of a driver's license, without hearing, whenever the driver has been finally convicted of any of the offenses named therein; and the offenses involved in your first question are substantially covered by numbered paragraphs (1), (2) and (5). The question arises whether the words "final conviction" in the first sentence of Section 16 have reference to convictions only obtained through courts of this State. Should such limitation be given the language employed, or should Section 16 be construed so as to include a final conviction in the courts of other jurisdictions?

We do not believe the Legislature contemplated or intended such construction for the reason that in the original Act (Sec. 15, ch. 466, p. 1785 at p. 1792, General and Special Laws, Forty-fourth Legislature, Second Called Session), the clerks of the courts were required to report convictions to the Department of Public Safety, and such reports obviously could not be compelled from other jurisdictions.

In 1937, the Driver's License Law was amended (Ch. 369, p. 752, General and Special Laws, Forty-fifth Legislature, Regular Session) by the addition of certain sections, including among others, Sections 9-C and 16-A, supra. Section 15, requiring reports was also amended. It was obviously the legislative intent by the addition of Sections 9-C and 16-A to provide a means of suspending or revoking the license of one convicted in another State of an offense, which, if committed in this State, would be grounds for suspension or revocation of the license. Neither Section 9-C nor Section 16-A, however, make such action mandatory. In Section 9-C "the Department is authorized to suspend or revoke the license, upon receiving notice of the conviction of such person," etc.

This language implies the exercise of discretion on the part of the Department. No provision is made for notice and hearing to one holding the license prior to such action. Section 16-A provides for notice and hearings by the Department before suspension or revocation of the license is "authorized," but by its terms, such section is specifically limited to the seven grounds enumerated. The seventh numbered cause thus listed is not the same as shown in Section 9-C, because as shown above, there must be a "conviction" in that section, whereas Section 16-A leaves it to the Department to determine if the licensee has "committed" an offense. Because of this distinction, Sections 9-C and 16-A must be considered as separate and distinct

Honorable Homer Garrison, Jr., Page 6

pronouncements by the Legislature and neither can be construed as in aid of the other.

In your letter of inquiry for this opinion you asked whether in the enforcement of Section 9-C, it would be necessary for the Department to hold hearings in order to suspend a driver's license of a resident of this State, upon receipt of a certified record of conviction in another State.

The delay occasioned in rendering this opinion is attributable to a similar case in the Court of Civil Appeals. We refer to the case of Francisco v. Texas State Board of Dental Examiners (T. C. A. 1941), not yet reported, opinion filed, March 5, 1941.

Under the facts in the Francisco case the appellant's license to practice dentistry in the State of Texas was revoked by the Dental Board upon the ground that he had been convicted of a forgery in the State of Oklahoma. The order of the Dental Board revoking appellant's license was regularly passed without notice under the provisions of Article 4549 of the Revised Civil Statutes, 1925, as amended, providing:

"The State Board of Dental Examiners shall have authority to suspend or revoke a dental license for any one or more of the following causes:

"a. Proof of insanity of the applicant or holder of a license, as adjudged by the regularly constituted authority.

"b. Proof of the conviction of the appellant or holder of the license for felony involving moral turpitude. * * *."

This provision was attacked as unconstitutional in failing to provide for a notice, hearing, court review, appeal to any court, trial by a jury, and notice of hearing before an impartial board or court, and right of appeal and review. The question before us was thus squarely presented in the Francisco case.

The court said:

"Tested by these rules, the procedure provided for the revocation of licenses under the

provisions of the statute in question, clearly does violence to the invoked constitutional guarantees of due process. No character of notice, hearing or review of the order of revocation is provided. The order operates instanter, and the licensee is at once deprived of the right lawfully to practice his profession.

"It may be argued that the state had the right to provide that the license should be forfeited, ipso facto, upon conviction of a felony involving moral turpitude, and since the Board is not vested with any discretionary powers in the matter, notice and hearing would perform no useful purpose. The complete answer to this view, if it be otherwise sound, lies in the fact that the legislature has not provided for an automatic revocation of the license, but requires an order of the Board. Until such order of revocation is passed by the Board the license remains in effect. Before the Board can intelligently or properly act there are a number of matters it must ascertain. First among these is the identity of the licensee with the defendant in the judgment of conviction. If the conviction be in another jurisdiction, then there are several matters to be ascertained with reference to the law of such jurisdiction. Among these would be the jurisdiction of the convicting court, the sufficiency of the certified record to show a final conviction in the jurisdiction, the nature of the crime under the law of such jurisdiction with relation to whether it be properly classified as of the grade of felony and whether it is of such character as to involve moral turpitude. These are matters as to which we believe the licensee is entitled to a hearing before his license to practice is revoked. Procedure authorizing its summary revocation without such right of notice and hearing constitutes, we believe, a denial of due process under both state and federal constitutions."

This case was decided by the Austin Court of Civil Appeals, and while a writ of error has been applied for on behalf of the Dental Board, until the opinion as quoted is modified or overruled, we cannot treat it as being other than the law.

Under these circumstances it is our opinion at this time that there cannot be an automatic revocation and suspension by the Department of the license of a driver upon receipt by the Department of a certified report of his conviction in a foreign State of one of the offenses named in your letter.

We next consider a procedure whereby the Department of Public Safety might accomplish the same purpose by compliance with Section 16-A, providing for a notice and departmental hearing, and authorizing the Department from the evidence thus adduced to suspend or revoke the license of one who has been found to have committed an offense in another State, which, if committed in this State, would be grounds for such suspension or revocation.

In considering this phase of your inquiry, we are confronted with the troublesome problem of determining the meaning and effect of the words "which shall be held in a court of competent jurisdiction," in the first sentence of Section 16-A. In an effort to ascertain the legislative intent, we have traced the history of the amendatory Act of 1937, which as we have pointed out, inserted the whole of said section. The Bill was originally introduced in the House of Representatives and as passed by that body said section read substantially as it does now, except for the absence of the language now being considered.

The amendment adding the words "which shall be in a court of competent jurisdiction" was offered as a committee amendment in the Senate and as adopted by that body, was finally enacted and approved by the Governor. See Senate Journal, Forty-fifth Legislature, p. 1579. No explanation of the purpose or intent of the amendment is perceptible in the journals of either house of the Legislature, although we have carefully examined same.

We are constrained to the belief that the insertion of the words "in a court of competent jurisdiction" renders the whole of Section 16-A so essentially indefinite, uncertain and

Honorable Homer Garrison, Jr., Page 9

vague as to bring it squarely within the rule as stated in 39 Tex. Jur. 45, from which we quote:

"Obviously a statute - and especially a criminal or penal act - (and Sec. 16-A is certainly penal in its nature) should be reasonably clear and plain, and its provisions so certain, definite and specific that the enactment can be understood and applied, at least when considered in connection with other acts *in pari materia*. * * *. An act that is essentially indefinite, uncertain and vague, and cannot be understood from the language used or from that of some other written law, is ineffective, inoperative, unenforceable and void. In contemplation of law, a statute is meaningless if it is susceptible of a variety of meanings, and the real intent of the Legislature is a matter of conjecture. Thus an act is invalid if the act sought to be prohibited or the duty sought to be imposed cannot be determined therefrom with any degree of certainty." (Parenthetical insertion ours.)

The term "court of competent jurisdiction" ordinarily means a court "having power and authority of law at the time of acting to do the particular act." 12 Corpus Juris 236. It has been defined in this State as meaning a court having jurisdiction over the cause, person, act, or subject matter in controversy. Lubbock Oil Refining Co. v. Bourn (T. C. A. 1936) 96 S. W. (2d) 569; Texas Employers Insurance Association v. Nunamaker (T. C. A. 1925) 267 S. W. 749.

As used in Section 16-A, the language is employed to indicate the situs of a departmental hearing, and neither Section 16-A nor any other section of the entire act provides for a court hearing for original determination of whether a license should be suspended or revoked. Section 17 does provide for the right of appeal to the courts, but that right is predicated upon some act or omission of the Department. No authority is given in Section 16-A to any court, nor are any duties imposed upon a judge.

We therefore reluctantly advise you that Section 9-C is clearly void under the rule announced in the Francisco case, supra.

Honorable Homer Garrison, Jr., Page 10


Likewise in Section 16-A the words "which shall be held in a court of competent jurisdiction" are so vague, indefinite and uncertain as to make the place of hearing so doubtful as to render the entire section void.

We direct your attention to the saving clause of the Texas Driver's License Law. We do not, by this opinion, hold any other part of the act invalid, except the two Sections 9-C and 16-A.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Benjamin Woodall
Assistant

BW:RS


APPROVEDAPR 5, 1941

ATTORNEY GENERAL OF TEXAS

